TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








NO. 03-95-00089-CR








Marvin Kirk Hamilton, Appellant




v.




The State of Texas, Appellee








FROM THE COUNTY COURT AT LAW NO. 2 OF BELL COUNTY


NO. 2C94-0727, HONORABLE JOHN BARINA, JUDGE PRESIDING








PER CURIAM


 A jury convicted appellant Marvin Kirk Hamilton of the offense of driving while
intoxicated ("DWI"). The trial court assessed punishment at 120 days' confinement in Bell
County jail, probated for a period of 24 months, a $600 fine, and court costs. Appellant brings
three points of error, all of which challenge the trial court's admission into evidence of the
statutory warning of the consequences of refusing a police officer's request to submit a breath or
blood sample. See Act of May 27, 1993, 73d Leg., R.S., ch. 790, sec. 29, 1993 Tex. Gen. Law
3088, 31-1-02 (Tex. Rev. Civ. Stat. Ann. art. 6701l-5(b), since repealed and codified at Tex.
Transp. Code Ann. § 724.015 (West 1996)). We will affirm the conviction.



BACKGROUND


 Bell County police were summoned to a home at about 1:00 a.m. on December 30,
1993. When they arrived at the scene, the complainant told them that the person they sought was
named Marvin Kirk Hamilton, that he left in a white-over-red Ford pickup truck after the police
were called, and that he was intoxicated.

 Officer Mullens, responding to a radio request to detain appellant, soon spotted a
white-over-red Ford pickup truck. When the patrolman caught up with it, he ran a license plate
check that reflected that the truck was owned by Marvin Kirk Hamilton. As he followed the
truck, Officer Mullens noted that it crossed the center line several times, then swerved back
towards the curb.

 Officer Mullens turned on his patrol car's emergency lights at 6th and Main. 
Appellant did not stop. A backup officer, Officer Tischler, was parked on West 13th and Main
with his lights on. At that point, appellant turned onto East 13th and stopped. Officer Mullens,
who had parked behind appellant's truck and was approaching it, testified that when appellant
stepped out of the truck he stumbled and was unsteady. He further testified that appellant smelled
strongly of alcohol.

 Officer Tischler parked his patrol car behind Officer Mullens's and approached
appellant. He observed appellant stumble when he stepped out of the truck and try to support
himself with the door and cab of the pickup. Officer Tischler also noted that he smelled of
alcohol. Officer Tischler administered a horizontal gaze nystagmus test, which helps determine
whether the subject is intoxicated, to appellant. Officer Tischler put appellant under arrest after
he failed the test.

 Appellant was then videotaped while performing several field sobriety tests. He
had difficulty with coordination and following directions. After the testing, Officer Tischler
concluded that appellant was intoxicated.

 Officer Tischler read the DIC 23, a standard police form that contains the statutory
DWI warning, to appellant. Tischler requested that appellant give a breath sample to determine
his blood alcohol level, but appellant refused.



ANALYSIS


 Former article 6701l-5(b) provided in relevant part:



 Before requesting a person to give a specimen, the officer shall inform the
person orally and in writing that if the person refuses to give the specimen, that
refusal may be admissible in a subsequent prosecution, and that the person's
license, permit, or privilege to operate a motor vehicle will be automatically
suspended for 90 days. . . .



 By three points of error, appellant complains that the trial court erred in allowing
the state to admit the DIC 23 into evidence. His complaint is that the warning showed not only
that he refused to submit a breath or blood specimen, but that he did so knowing that his driver's
license would be automatically suspended. We do not consider the merits of appellant's complaint
because, even assuming that the trial court erred, we conclude that the error is harmless in this
case.

 Appellant does not attempt to explain how the error harmed him. Instead, he states
that "it is not clear what inferences may fairly be drawn from this ruling of the trial court." He
apparently asks us to assume harm. We will not do so. Tex. R. App. P. 81(b)(2); see also
Schaum v. State, 833 S.W.2d 644, 647 (Tex. App.--Dallas 1992, no pet.) (proper to use harm
analysis if trial court admits evidence of refusal even though written warning required by statute
not given).

 "When determining whether erroneously admitted evidence is harmless beyond a
reasonable doubt, the question is not whether sufficient evidence to convict exists without this
evidence, but whether there is a reasonable possibility that the erroneously admitted evidence
contributed to the verdict obtained. In other words, was there 'a reasonable possibility that the
error, either alone or in context, moved the jury from a state of nonpersuasion to one of
persuasion beyond a reasonable doubt as to the issue in question?'" Jones v. State, 833 S.W.2d
118, 127 (Tex. Crim. App. 1992) (quoting Cook v. State, 821 S.W.2d 600, 605 (Tex. Crim. App.
1991)). In calculating the effect of the error, the appellant court should determine the probable
impact of the error on the jury in light of the other properly admitted evidence. Harris v. State,
790 S.W.2d 568, 587 (Tex. Crim. App. 1989).

 The other properly admitted evidence overwhelmingly supports appellant's
conviction. The complainant alleged that appellant left the house intoxicated. Mullens observed
appellant weaving within his lane of travel. Both officers, Mullens and Tischler, testified that
appellant stumbled upon exiting the truck and was unsteady on his feet. Both smelled alcohol on
his breath. Tischler administered a horizontal gaze nystagmus test and a series of field tests, all
of which indicated that appellant was intoxicated. Appellant was videotaped. Appellant refused
to give a breath sample. This evidence could have persuaded the jury beyond a reasonable doubt
of appellant's guilt. See Schaum, 833 S.W.2d at 648.

 Conversely, the effect of admitting into evidence the warning of the administrative
consequence of the refusal was diluted because the trial court sustained appellant's objections to
the prosecutor's attempt to emphasize the suspension. After examining the error in the context
of other evidence admitted, we conclude that there is no reasonable possibility that the evidence
that appellant refused the breath test even though he knew that his license would be suspended
"moved the jury from a state of nonpersuasion to one of persuasion beyond a reasonable doubt." 


 

CONCLUSION


 We overrule points of error one, two, and three. We affirm appellant's conviction.


Before Justices Powers, Jones and B. A. Smith

Affirmed

Filed: September 11, 1996

Do Not Publish



ne
his blood alcohol level, but appellant refused.



ANALYSIS


 Former article 6701l-5(b) provided in relevant part:



 Before requesting a person to give a specimen, the officer shall inform the
person orally and in writing that if the person refuses to give the specimen, that
refusal may be admissible in a subsequent prosecution, and that the person's
license, permit, or privilege to operate a motor vehicle will be automatically
suspended for 90 days. . . .



 By three points of error, appellant complains that the trial court erred in allowing
the state to admit the DIC 23 into evidence. His complaint is that the warning showed not only
that he refused to submit a breath or blood specimen, but that he did so knowing that his driver's
license would be automatically suspended. We do not consider the merits of appellant's complaint
because, even assuming that the trial court erred, we conclude that the error is harmless in this
case.

 Appellant does not attempt to explain how the error harmed him. Instead, he states
that "it is not clear what inferences may fairly be drawn from this ruling of the trial court." He
apparently asks us to assume harm. We will not do so. Tex. R. App. P. 81(b)(2); see also
Schaum v. State, 833 S.W.2d 644, 647 (Tex. App.--Dallas 1992, no pet.) (proper to use harm
analysis if trial court admits evidence of refusal even though written warning required by statute
not given).

 "When determining whether erroneously admitted evidence is harmless beyond a
reasonable doubt, the question is not whether sufficient evidence to convict exists without this
evidence, but whether there is a reasonable possibility that the erroneously admitted evidence
contributed to the verdict obtained. In other words, was there 'a reasonable possibility that the
error, either alone or in context, moved the jury from a state of nonpersuasion to one of
persuasion beyond a reasonable doubt as to the issue in question?'" Jones v. State, 833 S.W.2d
118, 127 (Tex. Crim. App. 1992) (quoting Cook v. State, 821 S.W.2d 600, 605 (Tex. Crim. App.
1991)). In calculating the effect of the error, the appellant court should determine the probable
impact of the error on the jury in light of the other properly admitted evidence. Harris v. State,
790 S.W.2d 568, 587 (Tex. Crim. App. 1989).

 The other properly admitted evidence overwhelmingly supports appellant's
conviction. The complainant alleged that appellant left the house intoxicated. Mullens observed
appellant weaving within his lane of travel. Both officers, Mullens and Tischler, testified that
appellant stumbled upon exiting the truck and was unsteady on his feet. Both smelled alcohol on
his breath. Tischler administered a horizontal gaze nystagmus test and a series of field tests, all
of which indicated that appellant was intoxicated. Appellant was videotaped. Appellant refused
to give a breath sample. This evidence could have persuaded the jury beyond a reasonable doubt
of appellant's guilt. See Schaum, 833 S.W.2d at 648.

 Conversely, the effect of admitting into evidence the warning of the administrative
consequence of the refusal was diluted because the trial court sustained appellant's objections to
the prosecutor's attempt to emphasize the suspension. After examining the error in the context
of other evidence admitted, we conclude that there is no reasonable possibility that the evidence
that appellant refused the breath test even though he knew that his license would be suspended
"moved the jury from a state of nonpersuasion to one of persuasion beyond a reasonable doubt." 


 

CONCLUSION


 We overrule points of error one, two, and three. We affirm appellant's conviction.


Before Justices Powers, Jones and B. A. Smith

Affirmed

Filed: September 11